UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST STOBBE,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. GILL, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00656-JDP<br><br>SCREENING ORDER<br><br>FIRST AMENDED COMPLAINT DUE IN SIXTY DAYS<br><br>ECF No. 1 |

Plaintiff Forrest Stobbe is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, ECF No. 1, is before the court for screening. Plaintiff alleges that a medically necessary walker was taken from him in violation of his Eighth Amendment and due process rights. *Id*. The court has screened the complaint and finds that it fails to state a claim against the three named defendants—a doctor and two nurses—though plaintiff may be able to amend his complaint to state an Eighth Amendment claim, and also may be able to add an Americans with Disabilities Act ("ADA") claim. The court will allow plaintiff to file an amended complaint within 60 days, and offers a more detailed overview of pleading requirements and relevant substantive law below.

**SCREENING AND PLEADING REQUIREMENTS**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION OF SUBSTANTIVE LAW**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a person acting under color of state law *caused* an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

In the context of the Eighth Amendment and medical care, plaintiff must plausibly allege that the defendants were "deliberately indifferent" to a "serious medical need." *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). Deliberate indifference requires a showing that "the

course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). Plaintiff's original pleading does not meet this high standard. Plaintiff's allegations suggest that Doctor Gill and Nurses Duncan and Cranke took his walker because he was seen exercising, even though a previous doctor had prescribed the walker. Plaintiff's allegations suggest that the decision to take his walker was hasty and wrong. But a disagreement over medical care—or even medical negligence—does not, without more, amount to "deliberate indifference." Should plaintiff wish to amend these allegations, he must focus on the specific acts or omissions that suggest "deliberate indifference" to his needs—i.e., that the medical officials acted in "in conscious disregard" of the risks to his health.

In the context of due process, plaintiff must allege that he was deprived of a constitutionally protected liberty or property interest. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). Plaintiff likely does not have such an interest in the walker, and for that reason does not have a due process claim. *See Stamm v. New York City Transit Auth.*, No. 04-CV-2163 (SLT), 2006 WL 1027142, at *9 (E.D.N.Y. Feb. 7, 2006) ("[T]he fact that a reasonable accommodation for a person with a disability is required by the ADA . . . does not imply that the disabled person has a property right in that accommodation."); *Bartlett v. New York State Bd. of Law Examiners*, 970 F. Supp. 1094, 1142 (S.D.N.Y. 1997) ("I do not find that this failure to uphold plaintiff's statutory rights under the ADA . . . amounts to a sufficient liberty or property interest under the due process clause to give plaintiff a claim.").

However, plaintiff may have an ADA claim against the prison.[1] Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability because of his disability. 42 U.S.C. § 12132.[2] "Generally, public entities must 'make reasonable

---

[1] The proper defendant in an ADA action would be the public entity responsible for the alleged discrimination. *See United States v. Georgia*, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. *See* 42 U.S.C. § 12131(1)(A) & (B).

[2] Title II of the ADA applies to state prisons. *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). To state a claim under ADA Title II, plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010).

While plaintiff's complaint makes passing reference to the ADA, he does not plead an ADA claim or allege the required elements identified above. However, should plaintiff amend his complaint, he may wish to add such a claim using the framework sketched above.

**CONCLUSION AND ORDER**

We have screened plaintiff's complaint and find that it fails to state a cognizable federal claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. An amended complaint would need to allege what each defendant did and why those actions violated plaintiff's rights. If plaintiff fails to amend his complaint within sixty days, the court will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[3] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

---

[3] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

4

Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly,

1. Within sixty days from the service of this order, plaintiff must file a First Amended Complaint.

2. Failure to comply with this order will result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   July 13, 2020                              _____
                                                    UNITED STATES MAGISTRATE JUDGE

No. 205.