UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST STOBBE,<br><br>            Plaintiff,<br><br>    v.,<br><br>DR. GILL, in her official capacity; R. FISHER, Warden; VALLEY STATE PRISON; CALIFORNIA DEPARTMENT OF CORRECTIONS; STATE OF CALIFORNIA,<br><br>            Defendant. | Case No.  1:20-cv-00656-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No. 7) |

Pending before the court is plaintiff's pleading titled "Petition Pursuant to Government Code § 946.6 relieving § 945.4 (Claim Preservation)" filed February 16, 2021. (Doc. No. 7). Liberally construed, it appears plaintiff pre-emptively files this pleading as a motion to obtain relief for his failure to timely comply with the government tort claims process in California. (*Id.* at 1-4). Attached to the plaintiff's motion are copies of medical grievances and letters. (*Id.* at 5-10).  Plaintiff, a prisoner, and is proceeding *pro* se on his amended complaint filed under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment for medical deliberate indifference,

1

the Americans with Disabilities Act, the Rehabilitation Act, and a state law negligence and/or medical malpractice claim.  (Doc. No. 5).  Plaintiff paid the filing fee to proceed in this action.  (Receipt No. CAE100045610).

Plaintiff's motion sets forth his understanding regarding the exhaustion of administrative remedies requirement under the Prison Litigation Reform Act (PRLA) and California law related to pendent state law tort claims.  (Doc. No. 7).  Plaintiff acknowledges that the PLRA requires he exhaust his administrative remedies before initiating a lawsuit and states that, while he diligently pursued his administrative remedies under the PRLA, his governmental tort law claim was rejected as untimely.  (*Id.* at 1-3).  Plaintiff asks the court to excuse his delay in timely complying with the state government claims process because he was availing himself of the administrative process required by the PLRA and made an "honest mistake."  (*Id.* at 3).

Considering the procedural posture of this case, including the plaintiff's amended complaint has not yet been screened, the court finds plaintiff's pre-emptive opposition to either an exhaustion-based summary judgment motion or motion to dismiss to be premature.  To adequately state a tort claim for damages, plaintiff bears the burden of alleging compliance with the requirements of California's government tort claims process.  *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621 (9th Cir. 1988) (noting that a plaintiff failure to comply with claim-filing requirements under California Tort Claims act bars pendent state claims).  Should this case proceed past the second § 1915A screening, plaintiff may raise any arguments asserted herein to oppose a motion to dismiss or for summary judgment concerning his timely compliance with California's government tort claims process.

Accordingly, it is ORDERED:

Plaintiff's pleading (Doc. No. 7), construed as a pre-emptive opposition to an exhaustion-based summary judgment motion or motion to dismiss, is DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated:   April 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3