1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FORREST STOBBE,                          Case No.  1:20-cv-00656-HBK

12                    Plaintiff,               ORDER TO SHOW CAUSE

13          v.                                 TEN-DAY DEADLINE

14   GILL et al.,

15                    Defendants.

16

17          Plaintiff Forrest Stobbe, a state prisoner, initiated this action by filing a pro se civil rights

18   complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff concurrently paid the filing fee.

19   (Receipt #CAE100045610).  The Court screened Plaintiff's complaint and found that it failed to

20   state a claim.  (Doc. No. 4 at 1).  Plaintiff timely filed a First Amended Complaint.  (Doc. No. 5).

21   On February 3, 2023, the Court screened the FAC and found that it stated cognizable Americans

22   with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims against one Defendant, but

23   no others.  (Doc. 9 at 1-2).

24          Plaintiff was ordered to respond within 21 days to advise the Court whether he would (1)

25   stand on his FAC as screened and proceed only on his ADA and RA claims against Defendant

26   Gill in her official capacity, thereby voluntarily dismissing the other Defendants and other claims

27   the Court deemed not cognizable; or (2) stand on his FAC subject to the undersigned issuing a

28   Findings and Recommendation to dismiss the Defendants and claims the Court has deemed not

cognizable.  (Doc. No. 9 at 11-12).  Plaintiff was advised that if he "fails to timely respond to this Court Order, i.e. fails to elect and notify the Court of any of the three [sic] options, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action. *See* Local Rule 110; Fed. R. Civ. P. 41(b)." (*Id*. at 12).  As of the date of this Order, Plaintiff has not responded to the Court's February 2, 2023 Screening Order.  It appears that Plaintiff has abandoned this action.

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is hereby **ORDERED**:

Within **ten (10) days** of receipt of this Order, Plaintiff shall comply with the Court's previous February 3, 2023 Order, or show cause why the Court should not recommend that this case be dismissed **without prejudice** for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's February 3, 2023 Order.


Dated:    March 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2